1  ARIEL E. STERN, ESQ.
   Nevada Bar No. 8276
2  STEVEN G. SHEVORSKI, ESQ.
   Nevada Bar No. 8256
3  AKERMAN SENTERFITT LLP
   400 South Fourth Street, Suite 450
4  Las Vegas, Nevada 89101
   Telephone:    (702) 634-5000
5  Facsimile:    (702) 380-8572
   Email: ariel.stern@akerman.com
6  Email: steven.shevorski@akerman.com

7  *Attorneys for Defendants*
   *Bank of America, N.A., BAC Home Loans*
8  *Servicing, LP, and Recontrust Company,*
   *N.A.*

9

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON M. D'HAENENS, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A.; AND DOES I individuals 1 to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive; and all other persons or entities unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto,<br><br>　　　　　Defendants. | Case No.: 2:11-cv-00842-PMP-PAL<br><br><br>**DEFENDANTS' MOTION TO DISMISS** |

Defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC"), and ReconTrust Company, N.A. ("ReconTrust") (collectively, unless noted otherwise, "Defendants"), move to dismiss Plaintiff Brandon D'Haenens' ("Plaintiff") Complaint for failure to state a claim.

/ / /

/ / /

/ / /

/ / /

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This is the second wrongful foreclosure action that this borrower has filed against these Defendants. In the first action, Case #A-10-609894-C, the state court dismissed Plaintiff's action against these Defendants with prejudice. (*See* **Exhibit A**, State Court Order). In this second action, the Plaintiff has raised the identical claims brought in the previous state court action against these very Defendants. (*See* **Exhibit B**, Complaint filed in the Second Action). This Court should dismiss Plaintiff's action pursuant to the doctrine of *res judicata*.

### II.

### STATEMENT OF ALLEGATIONS

**A.     The First Action.**

On February 11, 2010, Plaintiff filed a civil complaint in Clark County District Court. (*See* **Exhibit C**, Complaint filed in First Action). The Plaintiff listed ReconTrust, Bank of America, and BAC as party defendants. (*Id.*) The Plaintiff alleged claims for Unfair Lending Practices under Chapter 598D of the Nevada Revised Statutes, Deceptive Trade Practices, Wrongful Foreclosure, Conspiracy to Commit Fraud and Conversion, Conspiracy to Commit Fraud Related to MERS System, Inspection and Accounting, Negligent Infliction of Emotional Distress, Quiet Title, Breach of Good Faith and Fair Dealing, Injunctive Relief, Declaratory Relief, and Rescission. (*Id.*) The Plaintiff's First Action concerned the property located at 609 North Los Feliz Street, Las Vegas, NV 89110. (*Id.* at ¶10). Plaintiff in the First Action alleged that "[he] is at imminent risk of losing the home because one or more of the Defendants has served upon them notices of foreclosure or notices of default and election to sell, and the Plaintiff hereby seeks emergency injunctive relief and damages." (*Id.* at 8:24-28.) Summarily stated, Plaintiff's First Action was an attack on the MERS system (*Id.* at ¶14), a suitability case (*Id.* at ¶12) , and a produce the note (*Id.* at ¶20) case rolled into the same action. On December 16, 2010, the state court dismissed Plaintiff's First Action with Prejudice when Plaintiff did not file an opposition to Defendants' motion to dismiss. (*See* **Exhibit A**, 2:1-5).

**B.     The Second Action.**

On April 27, 2011, Plaintiff filed another complaint ("the Instant Action"). (*See* **Exhibit B**). Once again, Plaintiff named ReconTrust, Bank of America, and BAC as party defendants. (*Id.*) For the second time, Plaintiff alleged claims for Quiet Title, Deceptive Trade Practices, Wrongful Foreclosure, Conspiracy to Commit Wrongful Conversion, Inspection and Accounting, Injunctive Relief, Declaratory Relief, and Rescission. (*Id.*) In addition, Plaintiff added putative claims for statutorily defective foreclosure and for Broken Chain of Custody (promissory note). (*Id*). This action also concerns 609 North Los Feliz Street, Las Vegas, NV 89110. (*Id.* at ¶16 on pg. 6).

**C.     The Plaintiff Borrowed $740,000 and $185,000, respectively, from Bank of America and Secured those Loans with Deeds of Trust.**

On July 25, 2006, Plaintiff purchased the property located at 609 North Los Feliz Street, Las Vegas, NV 89110 for $925,000.[1] (*See* **Exhibit D**, Grant, Bargain and Sale Deed)  The Plaintiff financed this purchase with two (2) loans from Bank of America. The Plaintiff obtained a loan for $740,000, which was secured by a first deed of trust. (*See* **Exhibit E**, Foreclosing Deed of Trust). The Plaintiff also obtained a loan for $185,000, which was secured by a second deed of trust. (*See* **Exhibit F**, Junior Deed of Trust). On January 14, 2010, ReconTrust was substituted as trustee. (*See* **Exhibit G**, Substitution of Deed of Trust). On January 14, 2010, ReconTrust recorded a notice of default and election to sell to enforce the Foreclosing Deed of Trust). (*See* **Exhibit H**, Notice of Default). On February 23, 2010, that notice of default was rescinded. (*See* **Exhibit I**, Rescission of Notice of Default).

On May 10, 2011, a new notice of default and election to sell was recorded because Plaintiff remains in default. (*See* **Exhibit J**).

---

[1] Defendants respectfully request judicial notice of the attached deed, deeds of trust, foreclosure notices, and Court filings. *See* Exhibits A-S. Under Federal Rule of Evidence 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by *Astoria Federal Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The deed, deeds of trust, foreclosure notices, and court filings should be judicially noticed because they are of public record in the Clark County Recorder's office or the United States District Court for the District of Nevada's clerk's office.

## III.

## LEGAL ARGUMENT

**A.   The Entire Complaint Is Barred By Res Judicata.**

Plaintiff's Instant Action is barred by *res judicata*. "Generally, the doctrine of res judicata precludes parties . . . from relitigating a cause of action or an issue which has been finally determined by a court. . . ." *See Exec Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 834, 963 P.2d 465, 473 (1998) (quoting *University of Nevada v. Tarkanian*, 110 Nev. 581, 598, 879 P.2d 1180, 1191 (1994)). "Pursuant to the rule of claim preclusion, '[a] valid and final judgment on a claim precludes a second action on that claim or any part of it.'" *See id.* at 835, 963 P.2d at 473 (citing *Tarkanian*, 110 Nev. at 599, 879 P.2d at 1191). "Claim preclusion applies when a second suit is brought against the same party on the same claim." *See id.* at 834, 963 P.2d at 473 (citing *In re Medomak Canning*, 111 B.R. 371, 373 n. 1 (Bankr. D. Me. 1990)). "Claim preclusion embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted, and thus has a broader reach than [issue preclusion]." *Tarkanian*, 110 Nev. at 600, 879 P.2d at 1191. Claim preclusion applies where "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *See Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

The Instant Action should be dismissed pursuant to the doctrine of res judicata. Here, the parties are the same. All of the Defendants were named as party defendants in the First Action. Likewise, the claims raised in the First Action and the Instant Action are the same. This action, like the 2010 lawsuit, challenges the Foreclosing Deed of Trust, Defendants' authority to foreclose, the propriety of Defendants' foreclosure under the Foreclosing Deed of Trust, and the validity of the MERS system. The remaining two causes of action—statutorily improper foreclosure and "broken chain of custody"—arise from the same set of facts and circumstances at issue in the 2010 Complaint, and thus could have been raised therein. Moreover, Plaintiff's ill-conceived attack on the 2010 notice of default and election to sell is moot as that notice was rescinded.

The order dismissing the First Action is a final judgment. It is irrelevant to the doctrine of

res judicata that the dismissal with prejudice was ordered because Plaintiff did not oppose the motion to dismiss in the First Action. *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (court held that a dismissal for failure to prosecute was a final judgment for res judicata purposes). Therefore, the Instant Action is barred by the doctrine of *res judicata*.

DATED this 31st day of May, 2011.

                                            **AKERMAN SENTERFITT LLP**

                                            /s/ Steven G. Shevorski
                                            ARIEL E. STERN, ESQ.
                                            Nevada Bar No. 8276
                                            STEVEN G. SHEVORSKI, ESQ.
                                            Nevada Bar No. 8256
                                            400 South Fourth Street, Suite 450
                                            Las Vegas, Nevada 89101

                                            *Attorneys for Defendants*
                                            *Bank of America, N.A., BAC Home Loans*
                                            *Servicing, LP, and Recontrust Company, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 31st day of May, 2011 and pursuant to Fed. R. Civ. P. 5, I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **CERTIFICATE OF INTERESTED PARTIES**, postage prepaid and addressed to:

BRANDON D'HAENENS
609 North Los Feliz Street
Las Vegas, Nevada 89110
brandon@halfdental.com

*Pro Se Plaintiff*

/s/ Elizabeth Stessel
An employee of AKERMAN SENTERFITT LLP